UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| NAKIA I. GELLER, | ) | Case No. 6:08-bk-5754-KSJ |
| KATIE L. GELLER, | ) | |
| | ) | Chapter 13 |
| Debtors. | ) | |

MEMORANDUM OPINION GRANTING
TRUSTEE'S MOTION TO DETERMINE
REASONABLENESS OF ATTORNEY FEES

The Chapter 13 Trustee, Laurie K. Weatherford, for good reason, asks the Court to determine the reasonableness of the attorney fees paid by the debtors to their first lawyer, Billy M. Thomas (Doc. No. 48). On July 8, 2008, Mr. Thomas filed this case including almost none of the required information. For example, the schedules listed no unsecured creditors and no income or expenses for the debtors.[1] Although Mr. Thomas blamed the debtors for failing to timely supply this information to him, he could not adequately explain why he filed a blank Disclosure of Compensation, other than he made a mistake (Doc. No. 1, page 35). Mr. Thomas' Disclosure Statement provided that he agreed to accept $0.00 for legal services, had received $0.00 from the debtors, and that the balance due for his services was $0.00. The Trustee filed her motion seeking a determination of the reasonableness of attorney fees paid to Mr. Thomas after the debtors told her they had paid a substantial amount to Mr. Thomas to file this case, which, obviously, is inconsistent with Mr. Thomas' disclosures to the Court.

*After* receiving the Motion, Mr. Thomas quickly filed an Amended Statement of Compensation (the "Amendment") on September 24, 2008, disclosing that the debtors paid him

---

[1] The petition and schedules were almost completely devoid of information. The debtors' prior bankruptcy case (Case. No. 6:08-bk-633-KSJ) was not disclosed; Schedule B listed no personal property other than a single checking account; No income was listed on Schedule I; No expenses were listed on Schedule J; Schedules E, F, G, and H were blank.

$1,300 and had agreed to pay him a total of $2,300 for legal services. (Trustee's Exh. No. 4). Thomas later supplemented the Amendment with an Affidavit[2] as to his Attorney's Fees and Costs (the "Affidavit") (Trustee's Exh. No. 3).[3] At the hearing held on the matter, Mr. Thomas explained that the initial nondisclosure was an inadvertent clerical oversight that occurred because his office expedited the filing of this case to help the debtors avoid the foreclosure sale of the home scheduled for the very next day. Mr. Thomas accepted responsibility for the oversight, explaining that he understands the disclosure requirements of the Bankruptcy Code[4] and Bankruptcy Rules[5] and that his failure to timely and properly disclose the fees he received in this case was inadvertent and occurred only because the filing was hastily performed.[6] The only issue[7] before the Court is whether Thomas' failure to timely disclose the fees he received from the debtors merits disgorgement of the fees he received.

As this Court explained in In re Whaley, 282 B.R. 38, 41-42 (Bankr. M.D. Fla. 2002), disclosing compensation and compensation arrangements is mandatory for debtor's attorneys.

---

[2]   In the Affidavit, Mr. Thomas stated he earned $3,737.50 in fees, had expended $649.00 in costs, for a total amount of $4,386.50 of which the debtors had paid $1,300, leaving an outstanding balance of $3,086.50.

[3]   Mr. Thomas is no longer representing the debtors. He filed a motion to withdraw as the debtors' counsel on August 25, 2008 (Doc. No. 32), which the Court granted at the hearing held on September 23, 2008 (Doc. No. 57). On September 5, 2008, attorney Carole Bess filed a notice of appearance and a statement of compensation pursuant to Bankruptcy Rule 2016 (Doc. No. 39). Ms. Bess now represents the debtors in this case. She has filed the debtors' missing paperwork, a Chapter 13 plan (Doc. No. 63), and a motion to reinstate the debtors' bankruptcy case, which was dismissed on October 30, 2008 (Doc. No. 63).

[4]   Unless otherwise stated, all references to the "Bankruptcy Code" herein shall refer to Title 11 of the United States Code.

[5]   Unless otherwise stated, all references to the "Bankruptcy Rules" herein shall refer to the Federal Rules of Bankruptcy Procedure.

[6]   This is the second skeletal Chapter 13 case Thomas has filed for these debtors. On January 30, 2008, Thomas filed a Chapter 13 petition for Mr. and Mrs. Geller (Case No. 6:08-bk-00633) which also contained very little information. For example, Schedules I and J were blank, and no personal property was listed on Schedule B. However, in that case, Thomas timely disclosed fees he had received from the debtors ($600) and the total amount they agreed to pay for his services ($2,000). However, the debtors' case was ultimately dismissed on May 5, 2008, because they failed to attend their continued Section 341 meeting of creditors (Doc. No. 40).

[7]   Ms. Bess and Mr. Thomas disagree on certain issues regarding the quality of the debtors' representation. The Court declines to address that dispute and will only address Thomas' belated disclosure of payments received from the debtors.

Bankruptcy Code Section 329 and Bankruptcy Rule 2016 operate together and govern disclosure. Bankruptcy Code Section 329 requires a debtor's attorney to disclose any compensation paid or agreed to be paid if the payment or agreement to make payment was made in the year prior to the petition date. 11 U.S.C. § 329(a); In re Mills, 170 B.R. 404, 407 (Bankr. D. Ariz. 1994) (recognizing Section 329 applies to both past payments and future agreements made less than one year before the bankruptcy petition is filed). Bankruptcy Rule 2016(b) requires a debtor's attorney to file a statement of compensation within 15 days after he or she files a debtor's petition. Disclosure of compensation is a mandatory and continuing obligation—a debtor's attorney is required to file supplemental statements of compensation within 15 days after any payment or agreement to pay is made that was not previously disclosed.  In Whaley, this Court fully articulated the reasons Congress imposed the mandatory fee disclosure requirements upon debtors' attorneys and does not see a need to repeat those reasons here other than to again emphasize that debtors' attorneys are required to disclose all payments received from the debtors whether before or after a bankruptcy case is filed automatically and without reminding. "The disclosure system can properly function only when debtors' attorneys automatically and voluntarily, without prompting from the Court or a party in interest, disclose all payments received from their clients." In re Hackney, 347 B.R. 432, 442 (Bankr.M.D.Fla.2006).

Where fees are not timely or properly disclosed, courts can order disgorgement or impose sanctions as appropriated depending on the circumstances of each case. Whaley, 282 B.R. at 41 (citing In re Campbell, 259 B.R. 615, 628 (Bankr. N.D.Ohio 2001); Law Offices of Nicholas A. Frank v. Marcy J.K. Tiffany (In re Lewis), 113 F.2d 1040, 1045 (9th Cir. 1997); Hale v. U.S. Trustee (In re Basham), 208 B.R. 926, 931 (B.A.P. 9th Cir. 1997); Mapother & Mapother v. Cooper (In re Downs), 103 F.3d 472, 477 (6th Cir. 1996)). In Whaley, a debtor's attorney timely disclosed pre-petition fees paid to him by the debtor for filing her Chapter 13 case as well as additional compensation the debtor paid the attorney during the pendency of her Chapter 13 case. When the debtor was unable to make her Chapter 13 plan payments, the attorney filed the necessary pleadings

to convert the case to a liquidation case under Chapter 7. Before filing these pleadings, the debtor's attorney, however, received an additional $515 payment from the debtor, which he failed to disclose. Only *after* the Chapter 7 trustee filed a motion requesting the disgorgement of these undisclosed fees did the attorney offer to file an amended disclosure of compensation. In directing the attorney to return the $500 payment to the debtors, the Court explained that a belated disclosure is insufficient. "If every attorney waited until he or she was caught to file a statement of disclosure, the entire concept of mandatory disclosure would become a farce." Whaley, 282 B.R. at 42.

In this case, the debtors' attorney also failed to timely disclose fees of $1,300 he received from the debtors. Mr. Thomas explained that the omission was an unintentional oversight resulting from rushing to file the debtors' case in order to stop the foreclosure scheduled for the very next day, yet, in his own affidavit, Mr. Thomas notes he spent five hours working on the skeletal bankruptcy filing. Mr. Thomas contends that he did not "notice" his error, the omission, until, similar to the attorney in Whaley, he received the trustee's motion. He then belatedly attempted to cure the non-disclosure.

The amendment simply came too late. Mr. Thomas did not make a mere error. He failed to properly review the pleadings, particularly his own Disclosure of Compensation, before he filed the case. He did not make the required disclosure until approximately 11 weeks *after* filing the debtors' case, *after* filing a Chapter 13 plan (Doc. No. 12), *after* filing still incomplete schedule amendments (Doc. Nos. 17, 18, 19, and 20), *after* seeking to withdraw as the debtors' attorney (Doc. No. 32), and, most relevantly, *after* the Chapter 13 trustee filed the motion noting the nondisclosure (Doc. No. 48).

Although the Court finds that Mr. Thomas was not attempting to intentionally conceal his fee agreement with the debtors and, as such, no sanctions are appropriate, the Court does conclude that disgorgement of the $1,300 undisclosed fees is merited. Mr. Thomas could have avoided this result by proof-reading the pleadings and correcting the mistake of failing to disclose his fees. He was perhaps sloppy but not guilty of any concealment or egregious act meriting sanctions. Further, after

reviewing Mr. Thomas' Affidavit, the Court further finds that no further fees or costs, beyond the disgorged $1,300, are reasonable in consideration of the services provided by Mr. Thomas to the debtors in this case.[8]

Accordingly, the Court will grant the Chapter 13 trustee's motion. Mr. Thomas shall disgorge the fees of $1,300 paid to him by the debtors within 14 days of the entry of this order. The payment shall be made to the Chapter 13 trustee who, in turn, is directed to forward the monies to the debtors. Mr. Thomas is entitled to no further payment from the debtors for services provided in this case. A separate order consistent with this Memorandum Opinion shall be entered simultaneously.

DONE AND ORDERED on January 6, 2009.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtors: Nakia I. and Katie L. Geller, 3970 Old Dixie Highway, Malabar, FL 32950

Debtors' Attorney: Carole S. Bess, 101B North Plumosa Street, Merritt Island, FL 32953

Trustee: Laurie K. Weatherford, P.O. Box 3450, Winter Park, FL 32790

Billy M. Thomas, 997 South Wickham Road, West Melbourne, FL 32904

---

[8] All fees awarded in bankruptcy cases are subject to a review by the Court to determine reasonable compensation for actual and necessary services rendered by a professional in light of the various factors initially articulated by the Fifth Circuit Court of Appeals in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974); Section 330(a)(1)(A) of the Bankruptcy Code.